IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>JONATHAN W. ARRINGTON, MICHAEL B. KRATVILLE, MICHAEL J. WELKE,<br><br>Defendants. | **8:13CR146**<br><br><br>**ORDER** |

This matter is before the Court following evidentiary hearings on February 27, 2015, and May 15, 2015.  Filing Nos. 128 and 133. The purpose of the hearings was to determine the amount of loss attributable to each of the defendants in this case.  Defendant Arrington plead guilty to Count XII charging a violation of Title 18, United States Code, Section 1343, Wire Fraud and Title 18, United States Code, Section 2, Aiding and Abetting. Filing No. 113. Defendant Kratville plead guilty to Count IX charging a violation of Title 18, United States Code, Section 1343, Wire Fraud and Title 18, United States Code, Section 2, Aiding and Abetting. Filing No. 121.  Defendant Welke plead guilty to Count XII charging a violation of Title 18, United States Code, Section 1343, Wire Fraud and Title 18, United States Code, Section 2, Aiding and Abetting. Filing No. 107.

After listening to the argument, the Court determines as follows.   First, the Court finds that Mr. Arrington is responsible for losses to the victims as set forth in Ex. 1 for a total of $3,989,324.27.  The Court finds that Mr. Kratville and Mr. Welke left the business before the final $326,974.30 loss occurred, and thus they had no intent to defraud the investors as to the individuals listed and the net amounts of loss as provided in Ex. 1A.

As a consequence, the Court will order probation to recalculate the restitution and amount of loss in this case, so that it is consistent with this order.  In addition, probation will

provide the Court with an amended Presentence Investigation Report (PSR) as set forth herein.

The Court will further order the government to notify the victims that they must file a request for restitution, if they desire the same.   Failure to file said request will result in that victim waiving any right he/she has to any restitution in this case.  The request, if it has not already been made to the probation officer, must be filed on or before June 12, 2015. Sentencing will occur on June 18, 2015, at 2:00 p.m.

THEREFORE, IT IS ORDERED THAT:

1.   The probation office shall recalculate the restitution in this case, so that it is consistent with this order, and further, probation will provide the Court with an amended PSR as set forth herein.

2.   The Court will further order the government to notify the victims that they must have filed a request for restitution on or before June 12, 2015, if they desire restitution.  The government must inform the victims that failure to file said request will result in that victim waiving any right he/she has to any restitution in this case.

3.   The Clerk of Court is ordered to send a copy of this Order to the United States Probation Office.

Dated this 22nd day of May, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

2