IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JONATHAN W. ARRINGTON, MICHAEL B. KRATVILLE, AND MICHAEL J. WELKE,<br><br>                Defendants. | 8:13CR146<br><br>**ORDER OF RESTITUTION** |

      This matter is before the court after sentencing for determination of the amount of restitution. This order supplements findings made on the record at sentencing hearings on June 18, 2015, and June 22, 2015, and amount of loss hearings on February 27, 2015, and May 15, 2015.

      Pursuant to plea agreements, Defendants entered pleas of guilty to charges of wire fraud and aiding and abetting wire fraud in violation of 18 U.S.C. § 1343. Filing Nos. 107, 113, 121, plea agreements; Filing Nos. 104, 109, 111, 117, text minute entries. Judgments were entered against defendants Arrington, Kratville and Welke on June 22, 2015. Filing Nos. 165, 167, 169, Judgments. The judgments indicate that the defendants were to be jointly and severally responsible for all or part of the restitution. *Id.*, Judgments at 6.

      On June 18, 2015, the government was directed to provide the Court a list of persons making claims, and defendants was granted two weeks thereafter to respond. Filing No. 158, text minute entry. The government has provided the list and defendants have filed no response thereto.

      The Mandatory Victims Restitution Act ("MVRA") provides that a sentencing court "shall order" a defendant convicted of "an offense against property under this title, . . . including any offense committed by fraud or deceit[,]" to pay restitution to a "victim of the

offense." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). A "victim" is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." Id. § 3663A(a)(2). The government must prove restitution is warranted by a preponderance of the evidence. Id. § 3664(e); United States v. Adetiloye, 716 F.3d 1030, 1039 (8th Cir. 2013) cert. denied, 134 S. Ct. 1775 (2014). "[T]he victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution." See United States v. Nucci, 364 F.3d 419, 422 n.3 (2d Cir. 2004).

The defendants entered into plea agreements in which they acknowledged that restitution would be awarded, and that the government submitted that the amount of restitution due and owing was approximately $4,000,000 for approximately 100 victims, but reserved the right to challenge restitution amounts at sentencing. See Filing Nos. 107, 113, 121, Plea Agreements at 6. The defendants' initial Presentence Investigation Reports ("PSRs") had noted that the "victims' monetary losses totaled $3,989,324.27." Filing No. 159, defendant Arrington's PSR (sealed) at 36, 41-42; Filing No. 161, defendant Kratville's Revised PSR (sealed) at 14; Filing No. 163, defendant Welke's Revised PSR (sealed) at 15. The defendants objected to the amount of loss calculations for Guidelines purposes and the court held hearings on the issue of amount of loss on February 27, 2015, and May 15, 2015, at which case agent Paul Beekhuizen testified. Filing No. 135, Witness List. A list of victims and summaries of loss/restitution were offered as exhibits at the hearing and received into evidence without objection. Filing No. 135, Ex. 1, Ex. 1A & Ex. 35.

After the hearing, the court found defendant Arrington was "responsible for losses to the victims as set forth in Ex. 1 for a total of $3,989,324.27," but that defendants Kratville and Welke had left the business enterprise involved in the fraud sometime in early May of

2007, "before the final $326,974.30 loss occurred" and were not responsible for losses after that date. Filing No. 137, Order at 1. The court also directed the United States Probation Office to "recalculate the restitution and amount of loss in this case, so that it is consistent with this order," and to provide the Court with amended Presentence Investigation Reports. *Id.* at 1-2. Further, the court ordered the government to notify the victims that they must file a request for restitution if they so desired, and that failure to file a request would result in that victim waiving any right he/she has to any restitution in this case. *Id.*

The Probation Office submitted such revised PSRs. *See* Filing No. 161, defendant Kratville's Revised PSR (sealed) at 14-15; Filing No. 163, Welke Revised PSR (sealed) at 15 (noting restitution in amounts of $3,662,349.97 for Kratville and Welke, respectively). The defendants raised no further objections to restitution.

In response to the court's directive, the government reports to the court that there were 100 victims with financial loss. Fourteen victims listed on the initial spreadsheets attached to the PPSRs had no loss. The government received ninety-two returned request forms from victims. Two victims, with losses totaling $13,134.31, declined restitution. The government was unable to locate six victims with losses totaling $106,730.10. The defendants submitted no response to the government's showing. Accordingly, the court will impose restitution in the amounts determined at the hearing, less the amount of declined or unpayable claims.

The court finds that the government has shown by a preponderance of evidence that restitution is warranted. The court finds that restitution should be imposed on the defendant Arrington in the amount of $3,874,459.86, jointly and severally with defendants Kratville and Welke up to the amount of $3,598,726.79; and imposed on defendants Kratville and Welke in the amount of $3,598,726.79, jointly and severally between all defendants. Defendants

3

Arrington, Kratville, and Welke shall make restitution to the victims as set forth in attached Exhibit A (sealed).  If any defendant makes a partial payment, each payee shall receive an approximately proportioned payment.

    IT IS ORDERED:

    1.    Restitution is imposed on defendant Arrington in the amount of $3,874,459.86, payable to the victims listed and amounts set out in Ex. A (sealed) attached hereto.  Defendant Arrington's restitution obligation is joint and several with defendants Welke and Kratville up to the amount of $3,598,726.79.  Restitution in the amount of $275,733.30 is imposed on defendant Arrington individually for losses that occurred after May 7, 2007.

    2.    Restitution is imposed on defendant Kratville in the amount of $3,598,726.79, and on defendant Welke in the amount of $3,598,726.79, payable to the victims listed and amounts set out in Ex. A (sealed), attached hereto.  That obligation is joint and several between all defendants.

    3.    The clerk of court shall apportion any partial payments accordingly.

    DATED this 23rd day of September, 2015

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge